UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MISSISSIPPI COAST PHYSICIANS LLC
and BIENVILLE ORTHOPAEDIC SPECIALISTS, LLC                    PLAINTIFFS

VS.                                        CIVIL ACTION NO: 1:16-cv-00273-HS0-JCG

MULTIPLAN, INC.                                                DEFENDANT

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant, MultiPlan, Inc. ("MPI"), hereby files this Answer to the "*Complaint*" filed by Plaintiffs, Mississippi Coast Physicians LLC and Bienville Orthopaedic Specialists, LLC ("Plaintiffs"). MPI denies each allegation in the Complaint unless specifically admitted herein. And now, responding to the numbered paragraphs of Plaintiffs' Complaint, MPI respectfully states as follows:

**1.**

The allegations of Paragraph 1 of Plaintiffs' Complaint are not directed toward MPI and, therefore, do not require a response. To the extent the allegations of Paragraph 1 require a response, MPI denies the allegations for lack of information sufficient to justify a belief with regard thereto.

**2.**

The allegations of Paragraph 2 of Plaintiffs' Complaint are not directed toward MPI and, therefore, do not require a response. To the extent the allegations of Paragraph 2 require a response, MPI denies the allegations for lack of information sufficient to justify a belief with regard thereto.

**3.**

The allegations of Paragraph 3 of Plaintiffs' Complaint are denied in part and admitted in part. MPI denies that it is a Delaware corporation. MPI is a New York corporation. MPI admits that its principal place of business is in the State of New York. The remaining allegations of Paragraph 3 call for a legal conclusion and, therefore, do not require a response from MPI. To the extent a response is required, MPI asserts that it is not contesting service of process in this matter.

**4.**

To the extent the allegations of Paragraph 4 of Plaintiffs' Complaint call for a legal conclusion regarding jurisdiction of this matter, such allegations do not require a response from MPI. To the extent a response is required, MPI denies those allegations. The remaining allegations of Paragraph 4 are denied in part and admitted in part. MPI admits that it entered into a contract with Mississippi Coast Physicians. MPI asserts that the contract itself is the best evidence of its contents. MPI denies that it has committed a tort against Plaintiffs, and denies that it is liable to Plaintiffs in any way.

**5.**

To the extent the allegations of Paragraph 5 of Plaintiffs' Complaint call for a legal conclusion regarding proper venue of this matter, such allegations do not require a response from MPI. To the extent a response is required, MPI denies those allegations. The remaining allegations of Paragraph 5 are denied. MPI specifically denies that it breached a contract between the parties and/or that it committed acts or omissions under the contract, and denies that it is liable to Plaintiffs in any way.

**6.**

The allegations of Paragraph 6 of Plaintiffs' Complaint are not directed toward MPI and, therefore, do not require a response. To the extent the allegations of Paragraph 6 require a response, MPI denies the allegations for lack of information sufficient to justify a belief with regard thereto.

**7.**

The allegations of Paragraph 7 of Plaintiffs' Complaint are denied as written, except to admit that MPI operates a preferred provider organization ("PPO").

**8.**

MPI admits that Exhibit A attached to Plaintiffs' Complaint is a true and correct copy of the "Participating Group Practice Agreement" ("Agreement") entered into between MPI and Mississippi Coast Physicians. MPI further asserts that the Agreement itself is the best evidence of its contents.

**9.**

The allegations of Paragraph 9 of Plaintiffs' Complaint refer to the terms of the Agreement, which MPI asserts is itself the best evidence of its contents. To the extent the allegations of Paragraph 9 conflict with the terms of the Agreement, those allegations are denied.

**10.**

The allegations of Paragraph 10 of Plaintiffs' Complaint refer to the terms of the Agreement, which MPI asserts is itself the best evidence of its contents. To the extent the allegations of Paragraph 10 conflict with the terms of the Agreement, those allegations are denied.

**11.**

The allegations of Paragraph 11 of Plaintiffs' Complaint refer to the terms of the Agreement, which MPI asserts is itself the best evidence of its contents. To the extent the allegations of Paragraph 11 conflict with the terms of the Agreement, those allegations are denied.

**12.**

The allegations of Paragraph 12 of Plaintiffs' Complaint refer to the terms of the Agreement, which MPI asserts is itself the best evidence of its contents. To the extent the allegations of Paragraph 12 conflict with the terms of the Agreement, those allegations are denied. MPI further asserts that the cited language from the Agreement included in Paragraph 12 is incomplete and/or taken out of context.

**13.**

The allegations of Paragraph 13 of Plaintiffs' Complaint refer to the terms of the Agreement, which MPI asserts is itself the best evidence of its contents. To the extent the allegations of Paragraph 13 conflict with the terms of the Agreement, those allegations are denied. MPI further asserts that the cited language from the Agreement included in Paragraph 13 is incomplete and/or taken out of context.

**14.**

The allegations of Paragraph 14 of Plaintiffs' Complaint refer to the provisions of Mississippi law, which MPI asserts is itself the best evidence of its contents. To the extent the allegations of Paragraph 14 conflict with Mississippi law, MPI denies those allegations.

**15.**

The allegations of Paragraph 15 of Plaintiffs' Complaint are not directed toward MPI and, therefore, do not require a response from MPI. To the extent a response is required, MPI denies the allegations of Paragraph 15 for lack of information sufficient to justify a belief with regard thereto.

**16.**

The allegations of Paragraph 16 of Plaintiffs' Complaint are not directed toward MPI and, therefore, do not require a response from MPI. To the extent a response is required, MPI denies the allegations of Paragraph 16 for lack of information sufficient to justify a belief with regard thereto.

**17.**

The allegations of Paragraph 17 of Plaintiffs' Complaint are denied and MPI specifically denies that it is obligated to pay Plaintiffs for the medical services at issue under any contract, statute or otherwise.

**18.**

The allegations of Paragraph 18 of Plaintiffs' Complaint are not directed toward MPI and, therefore, do not require a response from MPI. To the extent a response is required, MPI denies the allegations of Paragraph 18 for lack of information sufficient to justify a belief with regard thereto.

**19.**

The allegations of Paragraph 19 of Plaintiffs' Complaint are denied as written, except to admit that, generally, MPI's clients will send MPI claims received from participating providers

and MPI will advise its clients the proper rate of payment under MPI's respective agreement with the participating provider.

**20.**

The allegations of Paragraph 20 of Plaintiffs' Complaint are denied as written. MPI asserts that it provided its Payer clients with the proper rate of payment for the medical claims at issue, pursuant to the clear and unambiguous provisions of the Agreement. The allegations of Paragraph 20 referring to the payment of the medical claims by MPI's Payer clients are denied for lack of information sufficient to justify a belief with regard thereto. MPI further asserts that the amount of payment made by a Payer to Plaintiffs for the medical claims at issue would be subject to all terms and provisions of each patient's respective health plan.

**21.**

The allegations of Paragraph 21 of Plaintiffs' Complaint refer to the provisions of MPI's fee schedule and the Mississippi Workers' Compensation Medical Fee Schedule, which MPI asserts are themselves the best evidence of their contents. To the extent the allegations of Paragraph 21 conflict with the terms of those fee schedules, those allegations are denied. MPI specifically denies that it provided its Payer clients with the improper rate of payment for the medical claims at issue under the terms of the Agreement.

**22.**

The allegations of Paragraph 22 of Plaintiffs' Complaint are denied.

**23.**

The allegations of Paragraph 23 of Plaintiffs' Complaint are denied.

**24.**

The allegations of Paragraph 24 of Plaintiffs' Complaint are denied.

**25.**

The allegations of Paragraph 25 of Plaintiffs' Complaint are denied as written.  MPI specifically denies that it improperly and/or wrongfully determined the rate the payment of the medical claims at issue.

**26.**

The allegations of Paragraph 26 of Plaintiffs' Complaint are denied.

**27.**

The allegations of Paragraph 27 of Plaintiffs' Complaint are denied.

**28.**

The allegations of Paragraph 28 of Plaintiffs' Complaint are denied.

**29.**

To the extent the allegations of Paragraph 29 of Plaintiffs' Complaint refer to the terms of the Agreement, MPI asserts that the Agreement is itself the best evidence of its contents.  To the extent the allegations of Paragraph 29 conflict with the terms of the Agreement, those allegations are denied.  The remaining allegations of Paragraph 29 of Plaintiffs' Complaint are specifically denied.

**30.**

The allegations of Paragraph 30 of Plaintiffs' Complaint are denied.

**31.**

The allegations of Paragraph 31 of Plaintiffs' Complaint are denied.

**32.**

The allegations of Paragraph 32 of Plaintiffs' Complaint refer to the terms of the Agreement, which Agreement is itself the best evidence of its contents.  To the extent the

allegations of Paragraph 32 conflict with the terms of the Agreement, those allegations are denied.

**33.**

The allegations of Paragraph 33 of Plaintiffs' Complaint refer to letters dated February 4, 2015 and May 14, 2015, which letters themselves are the best evidence of their contents. To the extent the allegations of Paragraph 33 conflict with the terms of the letters, those allegations are denied. Further responding, MPI specifically denies that it breached the Agreement in any way.

**34.**

The allegations of Paragraph 34 of Plaintiffs' Complaint are denied.

**35.**

The allegations of Paragraph 35 of Plaintiffs' Complaint are denied.

**36.**

MPI reasserts and incorporates its responses and defenses to Paragraphs 1-35 as if set forth herein.

**37.**

The allegations of Paragraph 37 of Plaintiffs' Complaint are denied.

**38.**

The allegations of Paragraph 38 of Plaintiffs' Complaint are denied.

**39.**

The allegations of Paragraph 39 of Plaintiffs' Complaint are denied.

**40.**

The allegations of Paragraph 40 of Plaintiffs' Complaint are denied.

**41.**

The allegations of Paragraph 41 of Plaintiffs' Complaint are denied.

**42.**

The allegations of Paragraph 42 of Plaintiffs' Complaint are denied.

**43.**

MPI reasserts and incorporates its responses and defenses to Paragraphs 1-42 as if set forth herein.

**44.**

The allegations of Paragraph 44 of Plaintiffs' Complaint are denied.

**45.**

The allegations of Paragraph 45 of Plaintiffs' Complaint are denied.

**46.**

MPI reasserts and incorporates its responses and defenses to Paragraphs 1-45 as if set forth herein.

**47.**

The allegations of Paragraph 47 of Plaintiffs' Complaint are denied.

**48.**

The allegations of Paragraph 48 of Plaintiffs' Complaint are denied.

**49.**

MPI reasserts and incorporates its responses and defenses to Paragraphs 1-48 as if set forth herein.

**50.**

The allegations of Paragraph 50 of Plaintiffs' Complaint are denied.

**51.**

The allegations of Paragraph 51 of Plaintiffs' Complaint are denied.

**52.**

The allegations of Paragraph 52 of Plaintiffs' Complaint are denied.

**53.**

MPI reasserts and incorporates its responses and defenses to Paragraphs 1-52 as if set forth herein.

**54.**

The allegations of Paragraph 54 of Plaintiffs' Complaint are denied.

**55.**

The allegations in the Prayer for Relief of Plaintiffs' Complaint do not require a response from MPI. To the extent a response is required, MPI denies the allegations in the Prayer for Relief, and specifically denies that it is liable to the Plaintiffs in any way.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

MPI did not sponsor, insure or administer any of the health plans under which the patients at issue in this matter were members and/or insureds. Thus, to the extent Plaintiffs seek additional payment for the medical services at issue, Plaintiffs' claims are misdirected toward MPI and fail as a matter of law.

## THIRD DEFENSE

Any amounts owed to the Plaintiffs relating to the medical services at issue are owed by third-parties over whom MPI has no authority, jurisdiction or control and for whom MPI is not responsible.

## FOURTH DEFENSE

MPI asserts that any amounts allegedly due to the Plaintiffs for medical services provided to the patients are issue are subject to the terms and conditions and defenses of the plan documents issued to each respective patient/plan member.

## FIFTH DEFENSE

Plaintiffs' claims are barred or limited by the terms and conditions of the "*Participating Group Practice Agreement*" at issue (the "Agreement"), which is clear and unambiguous and must be interpreted as written.

## SIXTH DEFENSE

At all times material to the Complaint, MPI acted in good faith and in compliance with the terms of the Agreement, and MPI discharged its duties, if any, with respect to the Agreement in accordance with the clear and unambiguous terms of the Agreement.  Thus, Plaintiffs' claims fail as a matter of law.

## SEVENTH DEFENSE

All of the medical claims at issue were correctly "repriced" and paid in accordance with the clear and unambiguous terms of the Agreement.

**EIGHTH DEFENSE**

All administrators, sponsors and/or insurers of the medical services at issue had contractual access, through MPI, to obtain the discounted rates of payment set forth in the Agreement.

**NINTH DEFENSE**

The Agreement was correctly deemed terminated, effective November 1, 2015, pursuant to the clear and unambiguous terms of the Agreement.

**TENTH DEFENSE**

MPI affirmatively pleads the defenses of estoppel, laches, statute of limitations, contributory negligence, and/or comparative fault of Plaintiffs, lack of fault of MPI, failure to mitigate damages, and unclean hands.

**ELEVENTH DEFENSE**

MPI specifically reserves its rights under Rules 13, 14, and 15 of the Federal Rules of Civil Procedure.  In addition, MPI reserves its right to amend this Answer, to the extent necessary, and to file any counterclaim or third-party complaint as facts are investigated and developed.

**WHEREFORE**, having fully answered, MultiPlan, Inc. requests that the Court dismiss this action with prejudice and tax the costs of it to Plaintiffs.

This the 10th day of February, 2017.

                Respectfully submitted,

                MULTIPLAN, INC.

                By Their Attorneys,

                BAKER, DONELSON, BEARMAN,
                CALDWELL & BERKOWITZ, PC

                By:    */s/ Daniel P. Guillory*
                          DANIEL P. GUILLORY

Jean C. Bertas (MS Bar No. 103837)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
100 Vision Drive
Suite 400
Jackson, MS 39211
Telephone: (601) 351-2400
Fax: (601) 351-2424
E-mail: jbertas@bakerdonelson.com

And

Errol J. King, Jr. (LA Bar No. 17649) (*Admitted Pro Hac Vice*)
Daniel P. Guillory (LA Bar No. 31180) (*Admitted Pro Hac Vice*)
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
450 Laurel Street
Chase Tower, 20th Floor
Baton Rouge, Louisiana 70801
(225) 381-7000
(225) 343-3612 - Facsimile
Email: eking@bakerdonelson.com
Email: dguillory@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served via CM/ECF upon the following this 10th day of February, 2017.

    Lewis W. Bell
    H. Ruston Comley
    WATKINS & EAGER PLLC
    lbell@watkinseager.com
    rcomley@watkinseager.com

                                        */s/ Daniel P. Guillory*
                                        DANIEL P. GUILLORY